LAW Library

# IN THE SUPERIOR COURT
## OF GUAM

THE PEOPLE OF GUAM,  )  CRIMINAL CASE No. CM 0357-12
)
)
v.  )
)  **DECISION AND ORDER**
)  On Defendant's Motion for Leave to
RUDOLF WOLPHAGEN,  )  Place Mental State at Issue and to
)  Submit Medical Records Under Seal
Defendant.  )
)

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on September 12, 2012 on Defendant's Motion for Leave to Place Defendant's Mental State at Issue and to Submit Medical Records Under Seal. The People of Guam were represented by Assistant Attorney General Christina Lum. The Defendant was represented by Assistant Public Defender Maria Fitzpatrick. Having reviewed the memorandum and papers presented, the court now issues the following decision GRANTING the Defendant's Motion for Leave to Place Defendant's Mental State at Issue and DENYING the Motion to Submit Medical Records Under Seal.

## FACTUAL HISTORY

The Defendant is charged with two counts of misdemeanor *Family Violence* and one count of misdemeanor *Assault* for acts alleged to have occurred on April 6, 2012. The Defendant was arraigned on April 18, 2012 and filed the current motion on September 10, 2012. The Defendant now moves to place his mental state at issue before the court and, if granted, asks that his medical records be placed under seal.

Guam law requires that a Defendant plead the affirmative defense of mental illness, disease or defect no later than ten days after arraignment. 7 GCA §7.22(d). Based upon the nearly five month lapse of time between the Defendant's arraignment and his current motion, the People oppose allowing the Defendant to place his mental state at issue. For the following reasons, the Court grants the Defendant's motion to place his mental state at issue before the court and denies the Defendant's motion to place his medical records under seal.

## DISCUSSION

Guam law protects the right of defendants to plead the affirmative defense of mental illness, disease or defect to pending criminal charges. 7 GCA §7.22. A defendant should plead the defense within ten days of arraignment, unless good cause for delay is demonstrated. *Id.* In the case presently before the Court, the Defendant has moved to enter a plea of not guilty by reason of mental disease or defect, but has done so nearly five months after his arraignment. The Defendant has further moved to have his medical records kept under seal, should his not guilty plea be allowed to go forward. The People oppose the Defendant's motion based solely upon the fact that the plea was not entered within ten days of arraignment, but are silent on the Defendant's request to keep his medical records under seal.

### I.     *The Defendant Has Demonstrated Good Cause for Delaying his Plea*

That a defendant is unable to enter a plea of not guilty by reason of mental disease or defect within ten days of arraignment is not an absolute bar to the entering the affirmative defense. Guam law recognizes that there are circumstances that may necessitate a defendant pleading not guilty at a later date and grants the court the discretion to accept the plea where good cause is demonstrated. Specifically, the law states that the defendant shall plead "not later

than ten days after his arraignment *or at such later time as the court for good cause may allow.*" 7 GCA §7.22(d) (emphasis added).

Guam's statute was modeled after California law. California case law provides guidelines for determining "good cause" in accepting a change of plea to not guilty by reason of mental disease or defect. In California the defendant "should be required to produce evidence which would show the trial judge that there were reasonable grounds to believe that at the time of the commission of the crime he was legally insane." *People v. Hererra*, 163 Cal.Rptr 435, 439 (1980) (citing *People v. Morgan*, 50 P2d. 1051, 1062). Such evidence includes medical records of previously conducted psychiatric evaluation and treatment. *See Id.* Accordingly, a change to a plea of not guilty by reason of mental disease or defect may even be accepted after the commencement of trial where its denial may result in the "withdrawal of a crucial defense." *In re Kubler*, 126 Cal.Rptr. 25 (1975).

The Defendant can provide the court with medical records detailing previous psychiatric evaluation and treatment. The Defendant has been undergoing treatment with the Veteran's Administration ('VA') and claims to have been recently diagnosed with post-traumatic stress disorder. The People oppose the Court allowing the Defendant to change his plea based solely upon the fact that the motion comes more than ten days after arraignment. Because the Defendant can provide evidence that may implicate his mental state at the time of his alleged crimes, the Court's will not use its discretion to deny the affirmative defense based solely upon a technical argument.

## II. *The Defendant Has not Demonstrated a Need to Seal His Records*

The Defendant has also motioned the Court to have the medical records supporting his affirmative defense sealed. The motion specifically states that he is making this request "so they

[the records] do not become public." This is the motion's sole sentence in support of the request to seal. The Defendant offers no other explanation for his request and provides no legal support from either case law or statute.

There is a presumption in favor of allowing the public access to court records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F3d 1122, 1135 (9th Cir. 2003). Nonetheless, the Court recognizes that there are circumstances under which a defendant has a valid reason for requesting to have records sealed. Because public policy favors disclosure of records, however, a defendant must articulate "compelling reasons supported by specific factual findings," *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)(citing *Foltz* at 1135). That "the production of records may lead to a litigant's embarrassment" is not enough "without more, [to] compel the court to seal its records." *Foltz* at 1136.

Guam law also requires that the Defendant support his motion to seal with greater specificity. All motions before the Superior Court "shall state with particularity the grounds therefor, and shall set forth the relief or order sought." GRCP 7. The motion's single sentence requesting that the medical records be sealed "so they do not become public records" does not meet this statutory standard. Without a stating, with particularity, why the medical records should be sealed, the Court finds no basis for granting the motion.

## CONCLUSION

Based on the foregoing, the Court GRANTS the Defendant's Motion for Leave to Place Defendant's Mental State at Issue. Because the Defendant has provided the Court with no reason that his records should be sealed, the Court DENIES the Defendant's Motion to Submit Medical Records Under Seal. Further Proceedings are set for 1/16/2013 ~~2012~~ at 9am.

SO ORDERED, this 4 day of ~~December 2012~~ January 2013.

_____

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

JAN - 4 2013

Glenric J. Mendiola
Deputy Clerk, Superior Court of Guam